UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANFORD PAUL BRYANT, | No. 12-17049 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00888-AWI-BAM |
| v. | Eastern District of California, Fresno |
| N. KARLOW; et al., | |
| Defendant - Appellees. | ORDER |

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

The memorandum disposition filed on June 14, 2013 is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 35.

Bryant's petition for rehearing en banc is denied.

No further petitions for rehearing or other filings will be entertained in this closed case.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANFORD PAUL BRYANT, | No. 12-17049 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00888-AWI-BAM |
| v. | |
| N. KARLOW; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 10, 2013[**]

Before:     HAWKINS, McKEOWN, and BERZON, Circuit Judges.

California state prisoner Stanford Paul Bryant appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

access to courts and retaliation.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo both a dismissal for failure to state a claim under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and for failure to exhaust administrative remedies, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed Bryant's access-to-courts claim for failure to state a claim. Bryant's access claim does not allege interference with pending litigation, but lack of affirmative assistance (e.g., access to the law library, to paper, and to other supplies). *See Silva v. Di Vittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011). The constitutional right of access to courts in the form of affirmative assistance does not encompass the right to pursue a state law tort suit for medical malpractice or negligence. *See id.*; *see also Lewis v. Casey*, 518 U.S. 343, 354-55 (1996) (for cognizable access-to-courts claim, plaintiff must allege that defendants frustrated his pursuit of a direct appeal of a criminal conviction, a habeas petition, or a civil rights action to vindicate basic constitutional rights).

The district court properly dismissed Bryant's retaliation claim for failure to exhaust administrative remedies because Bryant failed to describe the alleged retaliatory conduct in his grievance so as to put prison officials on notice of the wrong for which he sought redress. *See Sapp*, 623 F.3d at 823-24 (for proper exhaustion in compliance with California state regulations, inmates need to put enough information in their grievances to alert prison officials to the nature of the

wrong for which redress is sought).

Bryant's motions for judicial notice, filed on April 22 and May 31, 2013, and his motion for extension of time to respond to defendants' motion to strike, filed on May 29, 2013, are denied.

Defendants' motion to strike portions of Bryant's reply brief, filed on May 13, 2013, is denied.

**AFFIRMED.**